1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MELFORD JOHN WARREN JR,

                      Plaintiff,

     v.

DEPARTMENT OF CORRECTIONS FOR
THE STATE OF WASHINGTON, ET AL.,

                    Defendants.

Case No. C18-5550 RBL-TLF

REPORT AND
RECOMMENDATION

Noted for August 24, 2018

Plaintiff, a prisoner confined at the Monroe Correctional Center, has filed a proposed

civil rights complaint and a motion to proceed *in forma pauperis*. Dkt. 1-1. The Court has

screened plaintiff's complaint prior to service and has concluded that it suffers deficiencies that

cannot be cured by amendment. Accordingly, the Court recommends that plaintiff's complaint be

dismissed with prejudice prior to deciding his motion to proceed *in forma pauperis*, which the

court recommends be dismissed as moot.

## PLAINTIFF'S COMPLAINT

Plaintiff names as defendants the State of Washington and its Governor, Jay Inslee. He

also names several apparent private parties: Melford John Warren Sr and Edith Marie Sorrell of

Baltimore, Maryland (who may be relatives of plaintiff), and two Washington residents

(Shannon Felicia Ann Smith, and Amanjot Kaur Jaswal), whose relationship to plaintiff is

unclear. Dkt 1-1 at 3. Finally, five additional named defendants appear to be alternative spellings

of plaintiff's name. *Id*. Plaintiff does not set forth any legal claims, nor allege any specific

violations of his constitutional rights. Instead, he makes vague and speculative assertions that appear to arise out of a claim that the use of alternative spellings of his name renders both prison and other legal documents void and fraudulent. *Id*. Plaintiff also seems to assert that not he, but an individual using one of the alternative spellings of his name, is the actual party who committed the crimes for which he is currently incarcerated. *Id*. He claims that defendants Warren Sr and Sorrell "refused to send proof of my U.S. citizenship (and identity)," and that defendants Jaswal and Smith "have refused to demand my release." *Id*. The Department of Corrections is alleged to use an improper version of plaintiff's name, and somehow through this act to deprive plaintiff of "the rights entitled to all U.S citizens." *Id*. There are no claims of any acts or omissions by Governor Inslee.

**DISCUSSION**

**A.  Legal Standard**

The Court must dismiss the complaint of a prisoner "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Ordinarily, before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). However, leave to amend need not be granted "where the amendment

1   would be futile or where the amended complaint would be subject to dismissal." *Saul v. United*

2   *States*, 928 F.2d 829, 843 (9th Cir. 1991).

3          To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct

4   complained of was committed by a person acting under color of state law, and (2) the conduct

5   deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

6   United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). A plaintiff in a § 1983 action must

7   allege facts showing how defendants individually caused or personally participated in causing

8   the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

9   **B. Improper Defendants**

10         Plaintiff brings his claims against defendants who cannot be held liable under § 1983.

11         Plaintiff's claims against the State of Washington fail because a state is not a "person" for

12  purposes of § 1983. Neither a state, nor a governmental agency that is an arm of the state is a

13  "person" for purposes of § 1983. *Howlett v. Rose*, 496 U.S. 356, 365-66 (1990). Plaintiff cannot

14  avoid this result merely be suing the Governor. Plaintiff makes no allegations of any action (or

15  failure to act) by Governor Inslee and thus states no claim against him in his personal capacity;

16  plaintiff's claims against the Governor appear to be solely in his official capacity. An official-

17  capacity claim against a government official is considered a claim against the state. "Official

18  capacity suits generally represent only another way of pleading an action against an entity of

19  which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quotation marks and

20  citation omitted).  Thus suits against government officials in their official capacity should be

21  treated as suits against the governmental entity. *Id.* In an official-capacity action, the Court must

22  find that a policy or practice of the governmental entity was the moving force behind the

23  constitutional violation.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff makes no

24

25

1  such allegation here. Neither the State of Washington nor its Governor are proper defendants in

2  this case.

3         The remaining defendants against whom plaintiff brings his claims appear to be private

4  parties. Plaintiff asserts that defendants Melford John Warren Sr and Edith Marie Sorrell have

5  refused to prove his true identity, and that defendants Amajot Kaur Jaswal and Shannon Felicia

6  Ann Smith have failed to demand his release. Dkt. 1-1 at 3. Plaintiff also names as defendants

7  various alternative spellings of his own name. *Id*. He makes no allegation that any of these

8  defendants took any action under color of state law or acted in any non-private capacity. Private

9  parties do not act under color of state law and therefore cannot be sued under § 1983. *Price v.*

10 *Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

11 **C.  Frivolous Allegations**

12        Even if plaintiff were permitted to amend his complaint to attempt to name defendants

13 susceptible to a § 1983 claim, his case would require dismissal because his claims are frivolous.

14        A claim is frivolous where it has "'no basis in law or fact.'" *Washington v. Los Angeles*

15 *Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016) (quoting *Andrews v. King*, 398 F.3d

16 1113, 1121 (9th Cir. 2005)). The "term "frivolous' . . . embraces not only the inarguable legal

17 conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325

18 (1989). Plaintiff's claims here appear to arise out of his contention that various alternative

19 spellings of his name in prison and other legal documents render them void. Dkt. 1-1 at 3. He

20 also appears to allege that not he, but a person utilizing some or all of those alternative spellings,

21 is the actual wrongdoer who should be imprisoned. *Id*. There is no evidence provided for any of

22 these allegations; they are purely speculative and fanciful. Plaintiff's complaint should be

23 dismissed as frivolous.

24

25

### CONCLUSION

Plaintiff has not named defendants who can be held liable in a claim under 42 U.S.C. § 1983 and the substance of his claims is frivolous. These are deficiencies that cannot be cured by any amended pleading; therefore the Court recommends that this action be **dismissed with prejudice** as frivolous and for failure to state a claim upon which relief can be granted.  This dismissal should be considered a "strike" under 28 U.S.C. § 1915(g). In light of the recommended disposition of this case, the Court also recommends that plaintiff's *in forma pauperis* application should be denied as moot.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **August 24, 2018**, as noted in the caption.

Dated this 9th day of August, 2018.

Theresa L. Fricke
United States Magistrate Judge